IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No.: RWT 09cr12 |
| **BONNIE FRANCIS**, | |
|    Defendant. | |

## MEMORANDUM OPINION

In April 2003, DEA Special Agents Steve Balog and E.J. Kelly began investigating John Marvin Pollard and Ruben Lopez who were suspected of participating in a large scale cocaine and marijuana trafficking scheme that began sometime before 1994 and continued through 2006. Doc. No. 43 at 2. Lopez, who was based in Arizona, arranged for the drugs to be imported from Mexico. *Id*. He then transported the drugs to Pollard in Maryland and to other buyers in various states. *Id*. Pollard, who was Lopez's primary buyer in Maryland, would pick the drugs up and store them in various locations. *Id*. Sixteen defendants were originally charged in this conspiracy. Fourteen plead guilty and two were convicted at trial.[1] *Id*.

In the pending case, the Government alleges that Defendant transported and caused to be transported large quantities of cocaine and marijuana in concealed compartments of Defendant's and Christopher Parkin's[2] tractor trailers for delivery to Lopez's buyers. *Id.* The Government also maintains that Defendant transported large quantities of U.S. currency which represented

---

[1] *See United States of America v. Lopez,* RWT-06-cr-0066 (D. Md. 2006).

[2] Parkin was a co-defendant in *Lopez*. He plead guilty to count one of the second superseding indictment, conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine and 100 or more kilograms of marijuana. On March 5, 2010, he was sentenced to 78 months imprisonment.

drug proceeds across the county. *Id.* The Government claims that Defendant continued to transport multi-hundred pound loads of marijuana and multi-kilogram loads of cocaine on Lopez's behalf to Pollard in Maryland until February 2006. *Id.* at 3.

On January 7, 2009, a grand jury sitting in the District of Maryland returned a one count Indictment charging Defendant with conspiracy to distribute and possession with intent to distribute five or more kilograms of a mixture containing a detectable amount of cocaine and 100 or more kilograms of marijuana, in violation of 21 U.S.C. § 846. Doc. No. 1. Defendant's whereabouts were unknown to the investigating agents until he was arrested in Indiana on June 1, 2011, when he and a co-driver where found hauling over 1,000 pounds of marijuana in a false compartment of Defendant's trailer. Doc. No. 43 at 5.

Between September 1, 2011, and September 6, 2011, Defendant filed eight motions. Doc. Nos. 29-36. On November 28, 2011, the Court held a motions hearing for all pending motions. The parties informed the Court that Defendant withdrew the following motions: (1) Motion for a Bill of Particulars, Doc. No. 30, (2) Motion for Disclosure of the Identities of the Confidential Informants or Cooperating Codefendants, Doc. No. 33, and (3) Motion for Notice of the Government's Evidence Pursuant to Federal Rule of Evidence 404(b). Doc. No. 34. The Court heard testimony from SA Balog, SA, Kelly, and Steve Tomlinson regarding the remaining motions. The Court orally denied Defendant's Motion to Dismiss, Doc. No. 29, and Defendant's Motion Suppress Tangible and Derivative Evidence. Doc. Nos. 32, 36. The Court reserved ruling on Defendant's Motion for Speedy Trial Dismissal. Doc. Nos. 31, 35. For the following reasons, the Court will deny this Motion.

## I. Speedy Trial Delay

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. "To establish a violation of the Sixth Amendment right to a speedy and public trial, a defendant must show first that the Amendment's protections have been triggered by arrest, indictment, or other official accusation." *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995) (citation omitted). In order to succeed on this claim, a defendant "must then show that on balance, four separate factors" announced in *Barker v. Wingo*, 407 U.S. 514 (1972), "weigh in his favor." *Thomas*, 55 F.3d at 148. These factors are: "'whether the delay before trial was uncommonly long, whether the government or the defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result.'" *Id*. (quoting *Doggett v. United States*, 505 U.S. 647, 651 (1992)).

Defendant argues that the Court should dismiss the indictment due to a violation of his Sixth Amendment right to a speedy trial. Doc. No. 35. Defendant states that the Government is responsible for the two and one-half year delay "between the filing of the Indictment and his arrest." *Id*. at 2. Defendant maintains that the *Barker* factors demonstrate that the Government's actions caused the delay. Doc. No. 35-2 at 3.

The Government agrees that the Court needs to address the *Barker* factors because the Government's delay was greater than one year. The Government argues, however, that Defendant fails to demonstrate that the four factors weigh in his favor, and thus, the Court should deny the motion.

### a. The Length of the Delay Necessitates Conducting a Speedy Trial Inquiry

A court need not conduct a speedy trial inquiry unless a defendant can demonstrate that "the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay." *Doggett*, 505 U.S. at 651-52. Courts have found that a delay of more than one year is "presumptively prejudicial." *see United States v. Grimmond*, 137 F.3d 823, 828 (4th Cir. 1998); *see also Doggett*, 505 U.S. at 652 n.1. Thus, this factor necessitates conducting a speedy trial inquiry.

### b. The Reasons for the Delay Are Neutral

A court must next consider the reason for the delay. It "must keep in mind that 'different weights should be assigned to different reasons.'" *Grimmond*, 137 F.3d at 828 (quoting *Barker*, 407 U.S. at 531). "The Supreme Court recognizes that some reasons for delaying a trial are improper, *e.g.*, harassment." *Id.* (citation omitted). Improper reasons for delay are "weighted heavily against the government." *Barker*, 407 at 531. "The Supreme Court also recognizes that some reasons for delaying a trial are neutral, *e.g.*, an understaffed prosecutor's office." *Grimmond*, 137 F.3d at 828. (citation omitted). Although some reasons are considered neutral, "the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker*, 407 U.S. at 531. "Finally, the Supreme Court recognizes that some reasons for delaying a trial are valid, *e.g.*, a missing witness. Valid reasons for delaying a trial are weighted in favor of the government." *Grimmond*, 137 F.3d at 828.

Defendant argues that the Government's failure to locate and arrest him is improper. He maintains that "[h]ad the Government made the slightest effort to apprehend him, they could have arrested him during his travels." Doc. No. 35-2 at 6. Additionally, Defendant contends that

the Government knew his home address and that the Government could have arrested him.

The Government maintains that it is not at fault for failing to apprehend Defendant and that it "should not be faulted for taking prudent measures to ensure that the Defendant was actually apprehended." Doc. No. 43 at 8. First, it argues that "when agents visited the residence in 2007, they were informed by the residents that [Defendant] did *not* reside there." *Id.* (emphasis in original). The Government contends that because Defendant "was employed as a long haul tractor trailer driver" who typically traveled, "the chances of catching him at his residence were low." *Id.* The Government also argues that Defendant was a substantial flight risk, who might flee to his home country, Jamaica, if he "became aware of the charges against him." *Id.* As a result, the Government argues that it acted in such a way as not to risk that Defendant would be warned about the charges against him before he could be apprehended. Although these actions do not rise to the level of harassment, *see Grimmond*, 137 F.3d at 828, these are not the type of actions that should weigh in the Government's favor. *See id.* Instead, the Court finds that these actions are neutral.

The Government also relies on *United States v. Hall*, 515 F.3d 257 (4th Cir. 2009), for the proposition that the delay was valid because the case is a complicated drug trafficking scheme. Doc. No. 43 at 7. In *Hall*, defendants were indicted on drug trafficking charges. 551 F.3d at 563. Those defendants argued that a two year delay from the indictment until their trial violated their Sixth Amendment rights. *Id.* at 272. The court found that the reason for the two-year delay was *neutral* because "the prosecution was complicated, involving a serious, complex conspiracy charge that implicated multiple parties in at least two jurisdictions" and that "pre-trial proceedings" largely resulted from voluminous defense motions. *Id.* Here, too, this Court finds

5

that these reasons for delay are neutral because of the nature of the prosecution and the numerous motions filed by the Defendant.

### c. Defendant Timely Asserted his Speedy Trial Right

In *Baker*, the Supreme Court stated that it is the Defendant's responsibility to assert his right and that "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." 407 U.S. at 531-32. Here, Defendant asserted his right on September 2, 2011, when he filed this motion.

### d. Defendant Fails to Demonstrate Prejudice as a Result of the Delay

"Prejudice 'should be assessed in the light of the interests the speedy trial right was designed to protect.'" *Grimmond*, 137 F.3d at 829 (quoting *Barker*, 407 U.S. at 532). "These interests include: (1) preventing oppressive pretrial incarceration, (2) minimizing the anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired." *Id.* "Of these, 'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" *Id.* at 829-30 (quoting *Barker*, 407 U.S. at 532).

Defendant has not been incarcerated; he was released from pretrial custody six days after his initial appearance. Additionally, Defendant was not aware of the indictment until June 2011. Therefore, the Court need only address the possibility of the defense being impaired.[3]

---

[3] In his brief, Defendant also appears to make a Fifth Amendment claim that his due process rights were violated based on *pre-indictment* delay. Doc. No. 35-2 at 6-7. Defendant appears to confuse the two standards. A Sixth Amendment violation of the right to a speedy trial considers the time *between an indictment and the date of trial*. The standard in the Fourth Circuit for determining if *pre-indictment delay* constitutes a Fifth Amendment Due Process violation requires a court to examine "the facts in conjunction with the basic due process inquiry: 'whether the action complained of violates those fundamental conceptions of justice which lie at the base of our civil and political institutions and which define the community's sense of fair play and decency.'" *Howell v. Barker*, 904 F.2d 889, 895 (4th Cir. 1990) (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977)). No such showing has been made here regarding a *pre-indictment* due process violation.

In *Hall*, the Fourth Circuit concluded that the defendants failed to make a showing that they would be prejudiced based on the Government's post-indictment delay. It found that defendants were "unable to point to any evidence that their defense was impaired by the delay." 551 F.3d at 273. They did not "identif[y] any witnesses that were unavailable as a result of the delay; they [had] not shown that any witness was unable to accurately recall the relevant events; they [did] not contend that exculpatory evidence was lost; nor [did] they identif[y] any evidence that was rendered unavailable by the delay." *Id.*; *see also Grimmond*, 137 F.3d at 830 (discussing these factors and finding that their absence demonstrated that the defense was not impaired by delay).

Here, Defendant claims that the length of delay is presumptively prejudicial and actually prejudiced Defendant. Doc. No. 35-2 at 9. Defendant claims that he "cannot re-establish an alibi," that he "has lost contact with potential witnesses, and documentary evidence," and that his "memory has faded concerning the facts of the case and his defenses." *Id.* at 8. Defendant also makes arguments similar to those made in his motion for a bill of particulars that additional information is needed from the Government in order to prepare his defense. These are not the type of factors that create "the inability of a defendant adequately to prepare his case." *Grimmond*, 137 F.3d at 829-30.

Defendant has not demonstrated the showing required by the Fourth Circuit in *Hall* and *Grimmond* because of his general claims. Defense counsel's argument at the motions hearing illustrates this point. When asked by the Court how his client's defense has been impaired by the Government's delay, Defense counsel responded that he "could not measure that type of prejudice at this point . . . . I can't come before this Court today and say it exists . . . ." Oral

Argument at Motions Hearing, November 28, 2011, at 15:27:02.  This inability to identify "any evidence that [his] defense was impaired by the delay," *Hall*, 551 F.3d at 273, indicates that Defendant fails to demonstrate prejudice as a result of the delay.

Therefore, this Court concludes that Defendant failed to show that the four factors announced in *Barker* "weigh in his favor." *Thomas*, 55 F.3d at 148.

For the foregoing reasons, the Court denies Defendant's Motion for Speedy Trial Dismissal.  Doc Nos. 31, 35.  A separate order follows.


Date:  December 19, 2011                          /s/
                                    ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE